### BARRERA, vs. ALPUENTE.

APPEAL from the court of probates of the
parish and city of New-Orleans.

PORTER, J. delivered the opinion of the
court.    The plaintiff sued in the court below
to recover her share in the succession of her
grandmother; she was nonsuited on the ground
of being a minor, and from that judgment she
has appealed to this court.

According to the facts as they appear on re-
cord, the plaintiff was born in the year 1802, in
Louisiana, the laws of which, at that time, fix-
ed the age of majority at twenty-five.    She is
now, and has been for several years, a Spanish
subject, and a resident of Spain, where minor-
ity ceases at the same time of life.    In the year
1808, when the plaintiff was six years old, a
change was made in the law of the late terri-
tory of Orleans, and the period of majority
was fixed at twenty one.

The question therefore, is, whether, under
these circumstances, the plaintiff was a major

*The laws of the domicil of origin govern the state and condition of the minor in whatever country he removes. So a person born in Louisiana will be of age at 21, although removed to Spain where minority does not cease before 25.*

at twenty-five years old, or at twenty-one. If the former, she was not of age, when the suit was commenced and decided in the probate court.

The general rule is, that the laws of the domicil of origin govern the state and condition of the minor, into whatever country he removes. The laws of Louisiana, therefore, must determine at what period the plaintiff came of age; and by them, she was a major at twenty-five. *one.* Admitting that her removal into another country before the alteration in our law would exempt her from its operation, and that her state and condition were fixed by the rules prevailing in the place she was born, at the time she left it, a point by no means free from difficulty, no proof has been given that the plaintiff was taken out of Louisiana before the change made in 1808; and as the defendant by pleading the minority, assumed the affirmative, it was was her duty to establish the fact on which the exception could be sustained.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be annulled, avoided and reversed; that the exception filed by the defendant be overruled, and that the cause be remanded, to be

proceeded in according to law: the appellees paying the costs of this appeal.

*Strawbridge* for the plaintiff, *Cuvillier* for the defendant.